WELLS, Justice,
concurring in part and dissenting in part.
I concur with all that is said in the majority and concurring opinions concerning a lawyer’s obligation to provide pro bono services. However, I dissent from the decision rejecting The Florida Bar’s petition because the majority’s opinion is without any specifics as to how the Bar is to enforce this rule.
I was a member of the voluntary Orange County Bar Association for my twenty-nine years of practice. A condition of membership in this association is that its members provide the services or contributions required by Rule Regulating the Florida Bar 4-6.1. My experience is that the association’s rule worked to the benefit of the association, the community, and the individual lawyer. I know that the legal work I did in the guardian ad litem program was to me so personally rewarding that I count it at the very top of my professional experiences. I urge every lawyer to share that experience. I also urge every voluntary bar association to adopt a condition of membership similar to that of the Orange County Bar Association.
Unlike membership in the Orange County Bar Association, membership in The Florida Bar (the regulatory enforcement arm of this Court) is distinctly different because it is mandatory. Consequently, when this Court enacts a rule stating that the failure to report whether the pro bono goals have been met shall constitute a disciplinary offense, this rule must be read to mean that The Florida Bar will prosecute through the disciplinary process lawyers who fail to report. I certainly read it that way. To do otherwise and not enforce this rule will relegate what is adopted as a disciplinary rule to a mere charade which regulates only those who by their good faith and loyalty to the law choose to comply. The ultimate discipline is, of course, not the loss of membership in a voluntary association but is the loss of the privilege to be a lawyer in Florida.
In its petition, The Florida Bar asserts that in the 1995-1996 reporting year, nearly 6,700 lawyers declined to report their pro bono involvement on the dues form. It is probable that many of these lawyers failed to report because of the moratorium on report *738 ing[1] or because of oversight. However, The Florida Bar maintains that if a substantial number of those lawyers continue not to report in violation of rule 4-6.1, prosecuting these attorneys will require the diversion of scarce bar resources from other programs such as professionalism, unauthorized practice, the client security fund, and continuing legal education.
The majority should not just dismiss The Florida Bar’s concerns about the grievance process without even addressing the problem. Attorney discipline is uniquely the province of this Court. See art. V, § 15, Fla. Const. This Court should not just ignore the admonitions of those to whom we have delegated disciplinary enforcement responsibility and leave it to them to shoulder the problems they forecast the rule will cause. If we are not going to follow the Bar’s leadership’s advice and replace the rule’s “shalls” with “shoulds,” then I would continue the moratorium on the mandatory part of the rule until the impact on the disciplinary function of The Florida Bar is understood and addressed. As part of addressing this issue, I believe this Court has an obligation to tell lawyers exactly what the discipline will be if the lawyer fails to report.
In 1993, we adopted what Justice Overton refers to in his concurring opinion in this case as a “compromise solution”: making the violation of the reporting requirement a punishable offense. At that time, however, the practical ramifications of this solution were not addressed. Although not noted by the majority, there has been a moratorium on the enforcement of the rule almost entirely since that time. At the very least, proper regulation of The Florida Bar requires that we state when enforcement is to begin, what is to be done to make lawyers aware that this reporting requirement is now in fact mandatory, and what the sanction will be for failing to report.
Though I support the aspirational goal, I cannot support imposing this as a rule of discipline on members of The Florida Bar against the advice of the leadership of The Florida Bar without addressing the practical ramifications and working out enforcement procedures. It is only after these practical ramifications are confronted and enforcement procedures are evaluated that a fair weighing can be made of whether the violation of a reporting requirement to foster an aspirational goal should be an offense subject to discipline. Imposing disciplinary sanctions for such a violation is uncharted waters into which I am unwilling to sail without a better compass.

. There has been a moratorium on reporting during the pendency of a federal lawsuit challenging the rule's constitutionality. In August 1996, the federal district court upheld the consti-nationality of the mandatory reporting rule. Schwarz v. Kogan, TCA 94-40422 (N.D.Fla., Aug. 9, 1996) (Order Directing Entry of Judgment).